■ In the Matter of the Claim of PHILIP ELBAUM, Respondent, against J & J INTERIOR DECORATORS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and its insurance carrier from a decision and award of the Workmen's Compensation Board, predicated upon findings that claimant, in the course of his employment as an upholsterer, sustained a cerebral hemorrhage due to unusual strain and exertion in holding and supporting a sofa as it began to slide and fall from two wooden horses and in then pushing it back upon the horses. Appellants deny the occurrence of an accident and attack the veracity of claimant and that of his attending physician. They contend that claimant was unconscious, or at least incapable of intelligible speech, from the time of the attack, or shortly thereafter, until some time following the date of the physician's first report. That report embodied a history of claimant's making "a sudden grab" for the falling sofa, becoming dizzy and fainting. There was evidence of contradictory statements by the physician as to the source or sources from which he had obtained the history. Appellants claim that all such sources have been eliminated by proof and that the history embodied in the first report was, therefore, a fabrication. From this conclusion and, also, on the basis of some medical testimony of a general nature as to aphasia following cerebral hemorrhage, as well as upon testimony as to claimant's aphasic condition for some time after the attack, appellants argue that claimant's testimony was contrived to accord with the history reported by his physician. While we do not find in the proof tending to impeachment the same high degree of significance which appellants attribute to it, the board could doubtless have found it sufficiently compelling to warrant the rejection of the evidence of accident. However, the question was purely one of credibility and its determination within the province of the board. Independently of the questioned medical report, the testimony of the

claimant, in conjunction with that of physicians other than the attending physician was, if believed, sufficient to establish accident and causal connection and the board was entitled to find it credible. Decision and award unanimously affirmed, with costs to respondent Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Zeller and Gibson, JJ.